# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| **Kobold Aviation, LLC,** )<br>)<br>)<br>**Plaintiff,** )<br>vs. )<br>)<br>**West Star Aviation, LLC** )<br>)<br>**Defendant.** )<br>) | **Case No: 1: 20-CV-3398-WJM-GPG** |

## PLAINTIFF'S REQUEST FOR DISMISSAL
## DUE TO LACK OF SUBJECT MATTER JURISDICTION

Pursuant to Federal Rules of Civil Procedure ("FRCP") Rule 7(b), Plaintiff, Kobold Aviation, LLC ("Kobold"), respectfully requests the Court dismiss this case due to the absence of subject matter jurisdiction under 28 U.S.C. § 1332(a).

Kobold is a citizen of Pennsylvania. Am. Compl. ¶ 1 (ECF No. 7). Based on all information available to Kobold, the Amended Complaint pled that Defendant, West Star Aviation, LLC ("West Star"), is a citizen of Illinois and Minnesota through the membership of West Star's parent, West Star Aviation Holdings, LLC. *Id.* ¶¶ 2-4. This information was also the basis for Kobold's response (ECF No. 15) to the Court's show cause notice (ECF No. 14).

On January 19, 2021, West Star counsel met and conferred with Kobold counsel and informed Kobold counsel that West Star had identified an additional member of West Star Aviation Holdings, LLC that is a citizen of Pennsylvania. This assertion was supported by two declarations (attached hereto). Information regarding this member of West Star Aviation Holdings, LLC and his citizenship was not previously available to Kobold. Based on the

foregoing, both Kobold and West Star are citizens of Pennsylvania. The Court, therefore, does not have diversity jurisdiction over this case under 28 U.S.C. § 1332(a). *Grynberg v. Kinder Morgan Energy Partners, L.P.*, 805 F.3d 901, 905 (10th Cir. 2015). Diversity jurisdiction was the sole basis for subject matter jurisdiction asserted by Kobold in the Amended Complaint. Am. Compl. ¶ 6 (ECF No. 7).

Kobold agreed to seek dismissal of this case in order to: (1) avoid the effort and expense of West Star filing a motion under FRCP Rule 12(b)(1); and (2) promptly correct the factual assertions made to the Court in Kobold's Amended Complaint and response to the Court's show cause notice. Kobold does not style this request as one for voluntary dismissal under FRCP Rule 41(a)(1) because Kobold seeks to memorialize that the dismissal is based on the Court's lack of subject matter jurisdiction. Kobold, therefore, respectfully requests the Court dismiss the case for lack of subject matter jurisdiction.

Dated: January 25, 2021

Respectfully submitted,

**DENTONS US LLP**

*/s/ Joseph G. Martinez*
Joseph G. Martinez
Dentons US LLP
1400 Wewatta Street
Suite 700
Denver, Colorado 80202
303-634-4371 (phone)
joe.martinez@dentons.com

***Attorney for Plaintiff, Kobold Aviation, LLC***

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of January, 2021 I electronically filed the foregoing **Plaintiff's Request For Dismissal Due to Lack of Subject Matter Jurisdiction** by using the e-filing system and served Defendant's counsel via email at Randy.Mullendore@huschblackwell.com.

*/s/ Joseph G. Martinez*
Attorney for Plaintiff

US_Active\116501630\V-1